# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CHARLES LEE MITTER,**

        **Petitioner,**

v.                          **CIVIL ACTION NO. 2:05CV28**
                                   **(Judge Robert E. Maxwell)**

**THOMAS McBRIDE, Warden,**

        **Respondent.**

## REPORT AND RECOMMENDATION
## 28 U.S.C. § 2254

### I. Introduction

On April 1, 2005, Charles Lee Mitter [hereinafter referred to as "petitioner"], a state prisoner, filed a *pro se* petition under the provisions of 28 U.S.C. §2254 complaining of numerous errors surrounding his conviction in January of 1992, in the Circuit Court of Preston County, West Virginia. There is presently pending before the Court the petitioner's Motion to hold his petition in abeyance pending a second state application for a Writ of Habeas Corpus. In compliance with an Order to Show Cause, the respondent filed a Response in opposition to the petitioner's Motion for abeyance, and thereafter, the petitioner filed a reply to the respondent's Response.

Ths matter is pending before me for initial review and report and recommendation pursuant to Standing Order of Reference for Prisoner Litigation Filed Pursuant to 28 U.S.C. §2254 (Standing Order No. 5), LR PL P 83.13.

### II. Factual Background

Following a jury trial in the Circuit Court of Preston County, the petitioner was convicted of three counts of sexual abuse by a custodian and was sentenced to consecutive terms totaling 45-

75 years in the penitentiary. The petitioner appealed his conviction to the West Virginia Supreme Court of appeals, which refused the appeal on January 27, 1993.

### III. State Post-Conviction Proceedings

On June 24, 1993, the petitioner filed a *pro se* application for post-conviction habeas corpus relief in the Circuit Court of Preston County. Following an evidentiary hearing on May 29, 2001, the circuit court refused the petition by final order entered July 18, 2003. The West Virginia Supreme Court refused his appeal of this decision on September 9, 2004.

The petitioner filed a second *pro se* habeas petition in the Circuit Court of Preston County on April 11, 2005, listing two grounds for relief: (1) ineffective assistance of habeas counsel; and (2) ineffective assistance of trial and appellate counsel. By order entered June 9, 2005, the circuit court summarily denied and dismissed the petition in part, and appointed counsel to pursue the petitioner's surviving claim of ineffective assistance of habeas counsel.

### IV. Petitioner's Federal Habeas Corpus Claims

In his petition for habeas corpus relief, the petitioner raises numerous grounds for relief. First, he alleges ineffective assistance of counsel and cites twenty-two examples of his trial attorney's deficiency. Second, he alleges that the indictment returned by the grand jury rendered his trial so unfair as to deprive him of his right to due process under Article III, Sections 5 and 10 of the West Virginia Constitution. Third, he alleges that improper comments made by the prosecutor were so damaging as to require reversal. Fourth, he alleges that the guilty verdict should be set aside because the evidence was insufficient to convince impartial minds of his guilt beyond a reasonable doubt. Finally, the petitioner alleges that the trial court committed reversible error and points to five specific areas in support of this allegation. As relief, the petitioner

requests that this Court rule that the trial court lacked jurisdiction to enter a valid judgment against him.

**V.  Motion for Abeyance.**

On the same date as he filed his §2254 petition, the petitioner filed a Motion asking this Court to hold his petition in abeyance pending resolution of his second state application for a writ of habeas corpus.

**VI.  Analysis**

In Rose v. Lundy, 455 U.S. (1982), the Court held that a federal district court may not adjudicate mixed petitions and imposed a requirement of total exhaustion, implemented by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to litigate the unexhausted claims.  At the time the Court issued this decision, ADEPA[1] had not been enacted, and there was no statute of limitations on federal habeas corpus petitions.  Therefore, dismissal without prejudice did not preclude petitioners from returning to federal court once their claims were exhausted in state court proceedings.

However, "[a]s the result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions, run the risk of forever losing their opportunity for any federal review of their unexhausted claims."  Rhines v. Weber, ____ U.S. ____, 125 S.Ct. 1528, 1533 (2005).  Accordingly, the Supreme Court has held that a federal district court may,  under some circumstances stay, rather than dismiss without prejudice, a federal habeas petition containing both exhausted and

---

[1]In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion.  28 U.S.C. §2255.

3

unexhausted claims in order to allow the petitioner to present the unexhausted claims to the state court.

However, the petitioner's reliance on the Court's holding in Rhines in support of his Motion for Abeyance is misguided in this instance. The petitioner's pending §2254 petition is not a mixed petition containing both exhausted and unexhausted claims. All of the claims raised in his §2254 petition were exhausted by his habeas appeal to the West Virginia Supreme Court of Appeals. (Doc. 8-3) Therefore, the Court has no authority to hold his petition in abeyance while he proceeds with his second state habeas corpus petition which raises grounds not included in his pending federal petition.[2]

**VII. Recommendation**

Based on the foregoing, it is recommended that the petitioner's Motion to hold his §2254 petition in abeyance (Doc. 4) be **DENIED**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to Senior Judge Robert E. Maxwell, United States District

---

[2]The petitioner's second state habeas petition presents two of the same grounds already litigated to a final decision in the West Virginia Supreme Court - ineffective assistance of trial and appellate counsel. Under West Virginia Code §53-4A-1, that decision is now res judicata, and the circuit court is precluded from granting petitioner relief on those grounds. The petitioner's second state habeas petition presents a new claim of ineffective assistance of habeas counsel. While the petitioner still has state court remedies available with respect to this claim, such a claim is not cognizable in federal habeas corpus, because there is no constitutional right to an attorney in state post-conviction proceedings. See, e.g., Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Therefore, petitioner cannot obtain relief in this Court based upon ineffective assistance of counsel in his federal habeas proceeding. *See*, Coleman v. Thompson, 501 U.S. 722, 752 (1991); Wainwright v. Torna, 455 U.S. 586, 587 (1982).

Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Recommendation to the petitioner and the Attorney General for the State of West Virginia.

Dated: January 26, 2006

/s *John S. Kaull*
**JOHN S. KAULL**
**UNITED STATES MAGISTRATE JUDGE**