**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**


**CHARLES LEE MITTER,**

      **Petitioner,**

**v.**                                 **Civil Action No. 2:05cv28**
                                           **(Judge Maxwell)**

**THOMAS MCBRIDE, Warden,**

      **Respondent.**


**OPINION/REPORT AND RECOMMENDATION ON**
**THE RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

**I.   Factual and Procedural History**

On April 1, 2005, the petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody and a Motion to Hold Petition in Abeyance Pending Second State Application for Writ of Habeas Corpus. After payment of the required filing fee, the undersigned conducted a preliminary review of the file and issued a Report and Recommendation ("R&R") recommending that the petitioner's motion to hold in abeyance be denied. The R&R was adopted by the District Judge on March 23, 2006, and the petitioner appealed that decision to the Fourth Circuit Court of Appeals. The petitioner's appeal was dismissed on February 26, 2007.

Consequently, a further review of the file was performed on April 5, 2007. At that time, it was determined that summary dismissal of the petition was not warranted. Therefore, the respondent was directed to show cause why the petition should not be granted.

On June 6, 2007, the respondent filed an Answer and a Motion for Summary Judgment. Accordingly, on June 8, 2007, the Court issued a <u>Roseboro</u> Notice in which the *pro se* petitioner was

advised of his right to file a response to the respondent's dispositive motion.  The petitioner filed

his objections to the respondent's motion on August 23, 2007.  This case is now before the

undersigned for a report and recommendation on the respondent's motion for summary judgment.

## II.   <u>State Court History</u>

### A.   <u>Petitioner's Conviction and Sentence</u>

The petitioner was convicted by a jury sitting in the Circuit Court of Preston County, West

Virginia, of three counts of first degree sexual assault and one count of sexual abuse by a custodian.

On March 13,1992, the petitioner was sentenced to consecutive terms totaling 45-75 years in the

penitentiary.

### B.   <u>Direct Appeal</u>

The petitioner's direct appeal to the West Virginia Supreme Court of Appeals ("WVSCA")

was refused on January 27, 1993.

### C.   <u>Petitioner's State Habeas Petition</u>

On June 24, 1993, the petitioner filed a state habeas petition with the Circuit Court of Preston

County.  During those proceedings, the petitioner was appointed four different counsel, two of

whom filed amended petitions for writ of habeas corpus.  Following an evidentiary hearing on May

29, 2001, the circuit court denied the petition by a final order entered July 18, 2003.  The petitioner's

appeal of that decision was refused by the WVSCA on September 9, 2004.

### D.   <u>Petitioners' Second State Habeas Petition</u>

On April 11, 2005, the petitioner filed a second *pro se* habeas petition in the Circuit Court

of Preston County, listing two grounds for relief: (1) ineffective assistance of habeas counsel; and

(2) ineffective assistance of trial and appellate counsel.  By order entered June 9, 2005, the circuit

court summarily denied and dismissed the petition in part, and appointed counsel to pursue the petitioner's surviving claim of ineffective assistance of habeas counsel.

### III.   Contentions of the Parties

#### A.   The Petition

In his federal habeas petition, the petitioner first asserts ineffective assistance of counsel and cites twenty-two examples of his trial attorney's alleged deficiency.  Second, the petitioner asserts that the indictment returned by the grand jury rendered his trial so unfair as to deprive him of his right to due process under Article III, Sections 5 and 10 of the West Virginia Constitution.  Third, the petitioner asserts that improper comments made by the prosecutor were so damaging as to require reversal.  Fourth, the petitioner asserts that his guilty verdict should be set aside because the evidence was insufficient to convince impartial minds of his guilt beyond a reasonable doubt. Finally, the petitioner asserts that the trial court committed reversible error and points to five specific areas in support of this allegation.  As relief, the petitioner requests that this Court rule that the trial court lacked jurisdiction to enter a valid judgment against him.

#### B.   The Respondent's Answer and Motion for Summary Judgment

In the answer, the respondent recognizes that the petition was timely filed and that the petitioner has exhausted all available state court remedies.  In addition, the respondent generally denies that any violation of the petitioner's constitutional rights has occurred.  In the motion for summary judgment, the respondent argues that the petitioner has failed to state a federal constitutional claim or to otherwise demonstrate that he is entitled to relief on any of his claims.

### IV.   Standards of Review

#### A.   Summary Judgment

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977). So too has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir 1987). Such evidence must consist of facts which are material, meaning that the facts might affect the outcome of the suit under applicable law, as well as genuine, meaning that they create fair doubt rather then encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587-588 (1986).

**B.** **Federal Habeas Review Under 28 U.S.C. § 2254**

Notwithstanding the standards which govern the granting of a motion for summary judgment, the provisions of 28 U.S.C. § 2254 must be examined to determine whether habeas relief is proper. Title 28 U.S.C. § 2254 requires a district court to entertain a petition for habeas corpus relief from a prisoner in State custody, but "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Regardless, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). However, the federal court may not grant habeas relief unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1) and (2); see also Williams v. Taylor, 529 U.S. 362 (2000).

The Fourth Circuit Court of Appeals has determined that "the phrase 'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims that were decided in state court, albeit in a summary fashion." Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir. 1999). When a state court summarily rejects a claim and does not set forth its reasoning, the federal court independently reviews the record and clearly established Supreme Court law. Bell v. Jarvis, 236 F.3d 149 (4th Cir.), cert. denied, 524 U.S. 830 (2001)(quoting Bacon v. Lee, 225 F.3d 470, 478 (4th Cir. 2000)). However, the court must still "confine [it's] review to whether the court's determination 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Id.

at 158.

A federal habeas court may grant relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently that this Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A federal court may grant a habeas writ under the "unreasonable application" clause, "if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. "An unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410.

When a petitioner challenges the factual determination made by a state court, "federal habeas relief is available only if the state court's decision to deny post-conviction relief was 'based on an unreasonable determination of the facts.'" 28 U.S. C. § 2254(d)(2). In reviewing a state court's ruling on post-conviction relief, we are mindful that 'a determination on a factual issue made by a State court shall be presumed correct,' and the burden is on the petitioner to rebut this presumption 'by clear and convincing evidence.'" Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003).

However, habeas corpus relief is not warranted unless the constitutional trial error had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); Richmond v. Polk, 375 F.3d 309 (4th Cir. 2004). "Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" Brecht, supra.

Here, the petitioner's claims were properly presented to the courts of the State. Because the

petitioner's claims were adjudicated on the merits in State court, the State's findings of fact and conclusions of law are due the appropriate deference.

## V. <u>Analysis</u>

### A. <u>Ineffective Assistance of Counsel</u>

With regard to ineffective assistance of counsel claims, counsel's conduct is measured under the two part analysis outlined in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). First, a petitioner must show that counsel's performance fell below an objective standard of reasonableness. <u>Id.</u> at 688. In reviewing the reasonableness of counsel's performance, "judicial scrutiny must be highly deferential." <u>Id.</u> at 689-90. Second, if the Court finds that counsel's performance was unreasonable, the petitioner must then demonstrate that he was prejudiced. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. A reasonable probability is one that is "sufficient to undermine confidence in the outcome." <u>Id.</u>

In support of his claim of ineffective assistance of counsel, the petitioner asserts 22 ways in which defense counsel's performance was allegedly deficient. With regard to each of these claims, the undersigned finds that the petitioner fails to demonstrate that the state court arrived at a conclusion that was contrary to or an unreasonable application of federal law. Further, he fails to prove that the state court unreasonably determined the facts when analyzing his claims. Consequently, for the reasons set forth more fully below, ground one of the petition should be denied.

### 1. Failing to Engage in Adequate Consultations with Petitioner

In this ground, the petitioner asserts that defense counsel failed to engage in adequate

consultations with him. In support of this claim, the petitioner asserts that defense counsel's Itemized Statement of Legal Services reports spending only 1.1 hours with the petitioner prior to jury selection.

With regard to this issue, the state habeas court found:

> This court believes that the time sheet alone is not sufficient to prove that an inadequate amount of time was spent by trial counsel with the Petitioner. The time sheet may be incomplete or inaccurate. No testimony has been presented as to the specific time trial counsel spent in pre-trial consultation. The Court has not been presented with sufficient evidence to show that inadequate consultation occurred. For the foregoing reasons, the Court finds that this allegation is without merit.

Respondent's Ex. 5 at 8 (hereinafter Resp't Ex. 5).

Even assuming that counsel should have spent more time consulting with his client, the petitioner has not shown that such deficiency prejudiced the defense. A review of the trial transcripts shows that defense counsel was perfectly aware of the facts surrounding the case. Moreover, the transcripts show that defense counsel formed a trial strategy and presented his theory of defense to the jury. The petitioner has failed to show how further consultations would have aided defense counsel in preparing or presenting the case, or how such additional consultations would have altered the outcome of the trial. Therefore, this claim has no merit.

### 2. Failing to Interview the Alleged Victims

In this ground, the petitioner asserts that defense counsel failed to interview the alleged victims. In support of this claim, the petitioner again asserts that defense counsel's Itemized Statement of Legal Services shows that no time was devoted to interviewing witnesses.

With regard to this issue, the state habeas court found:

> The Court has insufficient proof that trial counsel completely failed

> to interview all of the alleged victims, witnesses or others (whoever
> they may be - this is unspecified by the Petitioner), or that any failure
> to interview one particular individual or other would rise to the level
> of ineffective assistance of counsel. For the foregoing reasons, the
> Court finds that this allegation is without merit.

Resp't Ex. 5 at 9.

In support of this claim, the petitioner fails to provide any evidence to show that defense counsel would have discovered any additional information by spending more time interviewing witnesses. Moreover, defense counsel admittedly received full disclosure of all of the State's discovery material prior to trial. See Resp't Ex. 8 at 6. The trial transcripts clearly show that trial counsel was fully informed of the facts of the case and was able to examine and cross-examine witnesses effectively. Therefore, this claim has no merit.

### 3. Failing to Subpoena and Call to Testify Certain Witnesses Requested by the Petitioner

In this ground, the petitioner asserts that defense counsel failed to subpoena and call to testify certain witnesses that he requested. Specifically, the petitioner asserts that he requested defense counsel call Russie Matlick, his sister; Kenneth Mitter, his brother, Dorsey Mitter, his father, and Violet Larew, his aunt. The petitioner asserts that these individuals would have provided significant favorable testimony concerning the petitioner's character. With regard to this issue, the state habeas court made a detailed analysis of the claims and concluded that "[t]he Court finds that any alleged failure to call these witnesses has not been shown to amount to ineffective assistance of counsel." Resp't Ex. 5 at 9.

Significantly missing from the petitioner's claim is any indication as to what specific information these witnesses would have provided and how that would have affected the outcome

of the trial.  At best, the petitioner asserts that these individuals could have testified to the type of

relationship the petitioner had with his children and stepchildren.  However, the testimony at trial

was that the sexual acts took place in private, or only in the presence of other children.  Therefore,

the testimony of these witnesses would have had little probative value as they could not testify as

to the petitioner's actual guilt or innocence.  Therefore, this claim is without merit.

**4.  Failing to Conduct Meaningful Plea Negotiations of any Kind with the State, or Explain the Concept of Plea Negotiations with the Petitioner**

With regard to this issue, the state habeas court found:

> No evidence of any kind, nor case law or statutory law of any kind, has been presented to the Court regarding this allegation.  The [State], however, does inform the Court at page four (4) of its Response that, "No plea negotiations were offered [to the Petitioner by the State].  Explaining an unoffered concept to the Defendant was a futile act.  There were no plea offers, and his issue is null and void."
>
> Moreover, there is no constitutional right to a plea bargain.
>
> Based on the foregoing statements and the failure of the Petitioner to present sufficient evidence regarding this allegation, the Court finds the allegation to be without merit.

Resp't Ex. 5 at 10.

It is clear from the record that the State did not offer the petitioner a plea.  Therefore, trial

counsel could not have been ineffective for failing to engage in meaning plea negotiations or for

failing to explain such negotiations to the petitioner.  This claim simply has no merit.

**5.  Failing to Argue a Motion to Individual *Voir Dire***

In this ground, the petitioner asserts that although the court permitted counsel to address the

prospective jurors with questions, neither the court nor counsel engaged the jurors with sufficient

details of these crimes against children to determine if any juror was biased or prejudiced.  In

addition, defense counsel did not submit any proposed jury *voir dire* questions to the court.

After a detailed analysis of this issue, the state habeas court found:

> Because the evidence presented does not show that the Petitioner's counsel committed error rising to the level of ineffective assistance as regards these assertions, the Court finds them to be without merit.

Resp't Ex. 5 at 12.

As noted by the respondent, "counsel is granted particular deference when conducting *voir dire*." Memorandum (dckt. 32) at 16 (quoting <u>Keith v. Mitchell</u>, 455 F.3d 662, 676 (6th Cir. 2006)). Moreover, "counsel's actions during *voir dire* are presumed to be matters of trial strategy." <u>Id.</u> (quoting <u>Conner v. Polk</u>, 407 F.3d 198 n. 5 (4th Cir. 2005)). The record shows that the trial court dismissed those jurors who stated that they could not be impartial because of prior experiences with sexual abuse. The remaining jurors indicated that they had no particular bias against the petitioner and that they could sit as jurors and render a true verdict based on the evidence. Resp't Ex. 8 at 28. The petitioner fails to show that any further *voir dire* would have resulted in any different results or that his jury was actually biased in any way. Thus, this claim has no merit.

### 6. Failing to Argue a Motion to Suppress All Statements of Other Charges of Abuse not Subject of the Indictment

In this ground, the petitioner asserts that defense counsel should have argued for the suppression of collateral crime evidence under West Virginia Rule of Evidence 404(b). The petitioner provides no further explanation of this claim.

With regard to this issue, the state habeas court found:

> While the Petitioner alleges that trial counsel gave him ineffective assistance because he failed to make a Motion to Suppress All Statements of Other Charges of Abuse Not Subject of [sic] the indictment, and while he goes through some of the legal authority on

the topic of West Virginia Rules of Evidence 404(b) and child sexual assault, he does not tell the Court what evidence came into the Court due to the alleged failure to make the specified motion, that should not have been there. He simply states that counsel failed to make the motion and then states what he believes the law on the subject to be; he does not tell the Court what kind of evidence came before the jury in violation of the law he states, or how the presentation of any such evidence prejudiced him; nor was this allegation addressed at the omnibus evidentiary hearing. For these reasons, the Court finds that this allegation is without merit.

Resp't at 5 at 12.

Without knowing the specific collateral crimes evidence to which the petitioner refers, and without an explanation of how that evidence affected the outcome of his trial, the petitioner cannot establish that defense counsel was ineffective. Thus, this claim is without merit.

**7. Failing to File and Argue a Motion to Suppress All Comments Concerning Prior Abuse/Neglect Cases and DUI Conviction**

In support of this claim, the petitioner again cites Rule 404(b) and argues that defense counsel should have sought to suppress evidence of his prior bad acts from being introduced at trial. With regard to this issue, the state habeas court found:

> Again, as with allegation (F), <u>supra</u>, the Petitioner fails to state what kind of illegal evidence came before the Court as a result of trial counsel's alleged error, and how this alleged error prejudiced him. He simply states that ". . . . Rule 404(b) should have prevented the foregoing prior bad acts from being introduced into evidence in this matter." <u>See</u> Petitioner's Petition at 7. Without sufficient evidence presented to the Court either in the Petition or in the omnibus evidentiary hearing, the Court cannot rule that this alleged error rises to the level of ineffective assistance of counsel. For this reason, the court finds that this allegation is without merit.

Resp't Ex. 5 at 12.

In this claim, the petitioner asserts that defense counsel should have sought the suppression

of evidence regarding prior allegations of abuse and a DUI conviction. However, with regard to the prior allegations of abuse, this information was used by the petitioner as part of his own theory of defense. The petitioner argued that there was an ongoing feud between himself and his wife's family that prompted these allegations of sexual abuse. Resp't Ex. 8 at 45. In support of his claims, the petitioner elicited information from his wife and her mother regarding past instances where the mother had reported the petitioner to Child Protective Services. Id. at 86-97. The petitioner himself also testified as to those incidents. Id. at 213. Accordingly, this information was consistent with the defense theory of the case and there would have been no reason for counsel to suppress such information.

Additionally, the petitioner's DUI conviction was elicited through his own testimony. Id. at 222. Thus, counsel was not ineffective for not seeking to have this information suppressed. Consequently, this claim is without merit.

### 8. Failing to Argue a Motion to Suppress Any Reference Concerning Defendant's Incarceration in Jail

The petitioner provides no further explanation for this ground, nor does he provide any evidence in support of this ground. Without more information, this ground is simply insufficiently pled and subject to dismissal. See Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2002) ("conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

### 9. Failing to File and Argue a Motion for the State to Reveal its Collateral Crime Evidence and a Motion to Suppress Collateral Crime Evidence

In support of this claim, the petitioner asserts that in State v. Dolin, 347 S.E.2d 208 (1986),

the WVSCA set forth the proper procedure that must be followed before collateral crime evidence may be presented and disclosed to the jury. The petitioner asserts that the such procedure was not followed in his case and counsel should have therefore objected to its use.

With regard to this issue, the state habeas court found:

> Again, as with allegations (F) and (G) and (H), *supra*, the Court cannot find that this alleged error amounts to ineffective assistance of counsel without sufficient evidence to support the allegation. The quoted passage from the Petition alone, does not amount to the requisite evidence. The Court, therefore, finds that this allegation is without merit.

Resp't Ex. 5 at 13.

In this ground, the petitioner fails to identify what collateral evidence should have or could have been revealed had counsel filed a motion for such evidence prior to trial. Additionally, the petitioner fails to identify what collateral crimes evidence defense counsel should have sought to have suppressed. As with the previous ground, this ground is simply insufficiently pled and should be dismissed. See Miller v. Johnson, supra.

**10. Failing to Object at Trial at the State's Revealing of All Charges to the Jury Even Though the State Knew, or Should Have Known, that the Charges Concerning One of the Alleged Victims were going to be Dismissed**

In this claim, the petitioner asserts that the State knew, or should have known, that the charges related to one of the child victims were going to be dismissed. Therefore, the petitioner asserts that the State should have dismissed those charges prior to trial and all evidence concerning those claims should have been suppressed. The petitioner's indictment originally charged him with 28 counts of sexual abuse involving Brenda Owens and Amanda Mitter. Resp't Ex. 6. Counts 17-28 were related to Amanda Mitter. In opening statements, the prosecution stated:

> In this indictment [the petitioner] is likewise charged with the abuse
> . . . [of] Amanda Dawn Mitter. At the present time she is only seven
> years of age, and . . . it will be a question of whether that child can
> testify or not. If she can't testify is unable to when the time comes
> for her to testify, the State will fail with its burden and those counts
> will have to be dismissed. That's a matter yet to be seen.

Resp't Ex. 8 at 42. At the end of the State's case-in-chief, the prosecutor advised the court that

Amanda Mitter's counsel had advised against calling her as a witness. Therefore, the State

requested counts 17-28 of the indictment be dismissed.

With regard to this issue, the state habeas court found:

> [T]his statement alone, without more, does not provide the requisite
> level of evidence necessary for this Court to find that the alleged
> error constitutes ineffective assistance of counsel and no further
> evidence regarding this allegation was presented at the omnibus
> evidentiary hearing. Accordingly, the Court finds that this allegation
> is without merit.

Resp't Ex. 5 at 14.

In response to this claim, the respondent argues that the State introduced evidence with

regard to both victims, fully expecting to convict the petitioner on all grounds. Memorandum (dckt.

32) at 21. It was not until it was time to actually place Amanda Mitter on the stand that the State

knew she could not testify. Therefore, if the State did not know Amanda Mitter would not be

testifying until that time, neither could defense counsel. Thus, the respondent argues that defense

counsel could not have predicted the future or objected retroactively, and his failure to object to this

evidence could not have been ineffective. Id.

For the reasons set forth by the respondent, this claim is without merit.

**11. Failing to Object when the Prosecutor Implied that the Sexual Assaults of the**
**Alleged Victims Terminated because the Children were Removed from the**

**Petitioner's House**

The petitioner provides no further explanation of this claim nor does he provide any evidence in support of this claim.

With regard to this claim, the state habeas court found:

> [A]s with previous allegations concerning which the Petitioner presented no evidence, [the Court] is again put in the position with this allegation of having no evidence to review in support of the claim that this alleged error resulted in prejudice to the Petitioner and amounts to ineffective assistance of counsel. Therefore, the Court finds it to be without merit.

Resp't Ex. 5 at 14.

As noted by the respondent, the petitioner does not supply the Court with any reason for defense counsel to object to this evidence or how any such objections would have changed the outcome of the proceedings. Memorandum (dckt. 32) at 22) (quoting <u>Green v. Johnson</u>, 160 F.3d 1029, 1042 (5th Cir. 1998) ("[m]ere conclusory allegations in support of ineffective assistance of counsel are insufficient to raise a constitutional issue"); <u>Roe v. Flores-Ortega</u>, 528 U.S. 470 482 (2000) ( the defendant must show alleged errors had an adverse effect on defense)). Accordingly, this ground is without merit.

### 12. Failing to Object when the State Introduced Testimony Regarding Alleged Sexual Abuse of Another Child not Subject of the Indictment

In support of this claim, the petitioner cites <u>United States v. Ham</u>, 998 S.E.2d 1247, 1252 (4th Cir. 1993), in which the Fourth Circuit found that evidence of a defendant's involvement in child molestation may unfairly prejudice a defendant based on the possibility that a juror's disdain for this type of behavior will cause him to believe that the defendant's prior bad acts make his guilt more likely. However, the petitioner provides no details on how any evidence of how his prior

bad acts unfairly prejudiced his trial.

With regard to this issue, the state habeas court found that the petitioner's argument was "not enough to support a finding of ineffective assistance of counsel on this allegation." Resp't Ex. 5 at 15. In addition, the respondent argues that the incident to which the petitioner refers was merely a fleeting reference to abuse involving an uncharged victim that Dr. Schwarzenberg mentioned as part of her testimony regarding one of the victim's medical history and which was used to aid in diagnosis. Memorandum (dckt. 32) at 22.

Other than the petitioner's own conclusory and self-serving statements, there is no reason to believe that any objection to this testimony would have been sustained. Nor does the petitioner offer any evidence that the admission of this testimony prejudiced the jury or affected the outcome of the trial. As noted by the state habeas court, there is simply insufficient evidence to support a finding of ineffective assistance of counsel with regard to this claim.

**13. Failing to Object when the State Introduced Testimony Regarding the Fact that the Petitioner was Incarcerated at the Preston County Jail**

The petitioner fails to provide any further explanation for this claim or any evidence to support this claim.

With regard to this issue, the state habeas court found that "[t]his is not enough to support a finding of ineffective assistance of counsel for this allegation. Accordingly, the court finds this allegation to be without merit." Resp't Ex. 5 at 15.

Again, without more information, this claim is insufficiently pled and must be dismissed for that reason.

**14. Failing to Request a Cautionary or Limiting Instruction**

In this ground, the petitioner asserts that the jury instructions propounded by the trial court were woefully inadequate and constitute reversible error. In support of this claim, the petitioner asserts that he was found guilty of sexual assault in the first degree. However, sexual misconduct is a lesser included offense of first degree sexual assault. The petitioner asserts that the evidence warranted an instruction on the lessor offense and that counsel was ineffective for failing to request an instruction on the lesser included offense of sexual misconduct.

With regard to this issue, the state habeas court found:

> The Court has no factual evidence on which to base a decision that error was committed, that no other reasonable attorney under similar circumstances would have so acted, and that but for the error, the outcome of the proceedings would have been different. The Court, therefore, cannot find that this alleged error was committed and that it constitutes ineffective assistance of counsel. Accordingly, the Court finds this allegation to be without merit.

Resp't Ex. 5 at 15-16.

Moreover, as noted by the respondent, there is no constitutional right to a lesser included offense instruction in a non-death penalty case. Memorandum (dckt. 32) at 24 (citing <u>Beck v. Alabama</u>, 447 U.S. 625, 638 n. 14 (1980)). Nonetheless, the respondent notes that the failure to request a lesser included offense instruction was likely trial strategy, in that defense counsel suspected that by giving the lesser included offense instruction, the jury may have been more likely to convict. <u>Id.</u> As to the failure to request a limiting instruction on 404(b) evidence, the respondent notes that no evidence was admitted under Rule 404(b), and therefore, counsel could not be ineffective for failing to request a limiting instruction on such evidence.[1] <u>Id.</u>

_____

[1] The respondent also notes that requesting a limiting instruction is a matter of trial strategy. Memorandum (dckt. 32) at 25 (quoting <u>Albrecht v. Horn</u>, 471 F.3d 435, 456 (3d Cir. 2006) ("Trial counsel is not constitutionally required to request a limiting instruction any time one could be given, because counsel might reasonably conclude that such instruction might inadvertently call attention to the

For the reasons set forth by the respondent, this claim is without merit.

**15.  Failing to Move for a List of Witnesses Prior to *Voir Dire***

In this ground, the petitioner asserts that it was critical for defense counsel to have the State's

final witness list prior to *voir dire*.  Had he done so, the petitioner asserts that defense counsel would

have known that the one child victim would not be testifying and could have filed a motion to have

those counts dismissed prior to trial.  In addition, the petitioner asserts that had defense counsel had

this list, he would have been able to ascertain that Aretha Kees, a very important witness for the

State, would not be testifying and he could have had her reports and statements suppressed as

hearsay.

With regard to this issue, the state habeas court found:

> Without more than this statement, the Court cannot find that any
> ineffective assistance of counsel is present in this allegation.  The
> Court notes that this Court, by an administrative Order entered
> October 21, 1991, required that the State disclose the names and
> addresses of all persons the State intends to call as witnesses in the
> State's case in chief without the necessity of a defense motion.  See
> also West Virginia Rule of Civil Procedure 16.  The Court further
> notes that the Court files shows (sic) that trial counsel did file a
> Motion for Discovery on October 22, 1991, which included a request
> for witness disclosure on or about November 26, 1991.  The State did
> file a witness list as part of the disclosure made in this case.

Resp't Ex. 5 at 16.

The respondent notes that all discovery was provided to defense counsel by the State prior

to trial.  Memorandum (dckt. 32) at 25.  The petitioner does not dispute that such discovery was

received.   Moreover, the respondent notes that even in opening arguments, the State asserted that

it intended to call Amanda Mitter to the stand, but was not sure, given her tender age, that she would

---

evidence of prior bad acts.")).

be able to testify. It was not until such time as the State was ready to call Amanda Mitter that it actually and finally decided not to call her. Therefore, the motion that the petitioner believes should have been filed, could not have been known pre-trial.

For the reasons set forth by the respondent, this claim is without merit.

## 16. Failing to Object to the State's Introduction of Evidence Concerning Hearsay Statements of Aretha Kees, Who Did Not Testify

In support of this claim, the petitioner asserts that Ms. Kees was a case worker from the West Virginia Department of Human Services. Ms. Kees testified before the grand jury about her personal interviews with the alleged child victims. Those interviews were eventually reduced to reports which were later used by the State's other witnesses to formulate testimony. The petitioner argues that because Ms. Kees did not testify at trial, the information in those reports was hearsay that the State's other witnesses should not have been allowed to testify about. Although the State explained that Ms. Kees was sick and could not be at trial to testify, the petitioner asserts that defense counsel should have moved to have testimony about Ms. Kees reports stricken from the record.

With regard to this issue, the state habeas court found:

> The [testimony] leads the Court to conclude that Dr. Schwarzenberg was clearly using Ms. Kee's (sic) report as part of her evaluation and treatment plan for the child victim B.O. and to explain why she was seeing B.O. . . .
>
> ***
>
> The Court finds that none of these exchanges amount to hearsay because Dr. Schwarzenberg used Ms. Kee's (sic) report to evaluate B. and A., and to devise a recommended treatment plan for each, as well as to explain why she was seeing B. and A. Any failure by the Petitioner's trial counsel to object to such, does not constitute

ineffective assistance of counsel.

Resp't Ex. 5 at 18, 20.  The court further found:

> [T]he Court does not believe, from reading these exchanges, that Ms. Yandura in any way discussed the content of Ms. Kee's (sic) report. West Virginia Rule of Evidence 803(4), labeled "Hearsay exceptions" provides that statements made for purposes of obtaining a medical diagnosis or treatment, are an exception to hearsay.
>
> \*\*\*
>
> The statements now at issue were made as a part of a medical history and used by Dr. Schwarzenberg for the purposes of making a medical diagnosis and prescribing treatment, and they were admissible under both Rule 803(4) and Edward Charles L.  The Court finds that any failure of the Petitioner's trial counsel to object to the above-quoted exchanges does not amount to ineffective assistance of counsel.

Resp't Ex. 5 at 21-22.

As noted by the state habeas court, the information in Ms. Kees reports would have been admissible as statements made for purposes of obtaining a medical diagnosis and treatment. Accordingly, no objection by defense counsel would have been sustained and counsel could not be ineffective for failing to object to this testimony.

### 17.  Failing to Test Whether "Child Abuse Syndrome" had the Necessary Degree of Scientific Reliability to Render it Admissible

In this claim, the petitioner asserts that two of the State's witnesses testified with regard to "child abuse syndrome."  However, the petitioner asserts that any such testimony by an expert is subject to a threshold determination with regard to whether the syndrome has the necessary degree of scientific reliability to render it admissible.  The petitioner asserts that defense counsel was ineffective for failing to challenge the admissibility of any testimony regarding "child abuse syndrome."

With regard to this issue, the state habeas court found:

> The statements made in Court by Dr. Schwarzenberg and Ms. Yandura are consistent with recent holdings by the West Virginia Supreme Court of Appeals. Moreover, since the Court found no discussion whatsoever of 'child abuse syndrome' by either of these two (2) witnesses, and since no evidence has been presented to the Court regarding this allegation, save the allegation itself, the Court finds that no evidence of ineffective assistance of counsel has been shown concerning this allegation, and thus, the allegation is without merit.

Resp't Ex. 5 at 23.

As noted by the state habeas court, the undersigned can find no specific reference to "child abuse syndrome" in the testimony of either Dr. Schwarzenberg or Ms. Yandura. Consequently, there was no basis for defense counsel to object and this claim is meritless.

## 18. Failing to Object to Testimony by Dr. Schwarzenberg and Ms. Yandura Concerning Unrelated Sexual Acts Involving One of the Alleged Victims and Another Child

In this ground, the petitioner asserts that defense counsel failed to object to testimony concerning numerous unrelated alleged sexual acts involving the child victim named in the dismissed charges and another child for whom no charges were ever brought. Specifically, the petitioner again takes issue with the fact that the State's witnesses referenced Aretha Kees' reports without objection by defense counsel and that such evidence was improper Rule 404(b) evidence.

With regard to this issue, the state habeas court found:

> Of course, the Petitioner alleges that his trial counsel failed to object to this ground and he was ineffective for doing so. He has not, however, provided any evidence to the Court on this ground to show that a reasonable lawyer, under the same circumstance, would have acted in a manner other than that by which his defense counsel acted; nor has he offered any evidence to prove that *but for* his trial

counsel's failure to object on this ground, the outcome of his trial
would have been substantially different. This Court will not now
second-guess trial counsel's legal strategy regarding the trial of the
underlying case in this matter.

Resp't Ex. 5 at 24 (emphasis in original).

For the reasons set forth by the state habeas court, this claim is without merit.

### 19. Failing to Move for a Mistrial Subsequent to the Dismissal of the Charges Pertaining to the Alleged Sexual Assault and Abuse of One the Alleged Victims

In this ground, the petitioner asserts that the State did not move to dismiss the counts concerning the one child victim until all of the State's witnesses had testified. Therefore, a "plethora of evidence" concerning that victim was admitted without objection and counsel should have requested a mistrial.

With regard to this issue, the state habeas court found:

Since the counts regarding A. were dismissed with prejudice, this
Court finds no reason why the Petitioner's trial counsel would have
been ineffective for not making a Motion for Mistrial, when this
Court can find no evidence in the record that would have supported
granting such a motion. Again, this Court will not and cannot engage
in second guessing about trial counsel's legal strategy during the trial
of the underlying case in this matter.

Resp't Ex. 5 at 27.

The petitioner offers nothing other than his own conclusory allegations that evidence related to Amanda Mitter had any effect whatsoever on the jury. Without more, the petitioner cannot establish a violation of his constitutional rights and this claim is without merit.

### 20. Failing to Move for a Directed Verdict, File and Argue Any Post Trial Motions for a New Trial and Judgment of Acquittal

In support of this ground, the petitioner cites <u>State v. Thomas</u>, 203 S.E.2d 445, 447 (W.Va.

1974), for the proposition that the failure to move for a directed verdict at the close of the State's case or to file post trial motions to set aside the verdict is *per se* ineffective.[2] With regard to this issue, the state habeas court made extensive findings on this matter and concluded that the claim was without merit. Resp't Ex. 5 at 29.

Moreover, in the response, the respondent notes that the petitioner's reliance on State v. Thomas is inappropriate. Memorandum (dckt. 32) at 31 n. 7. As noted by the respondent, Thomas was decided prior to Strickland, and the Supreme Court of the United States has since found that *per se* ineffective assistance of counsel occurs only in the most extreme circumstances. Id. (citing United States v. Cronic, 466 U.S. 648, 659-60 (1984) (total absence of representation, absence of counsel at a critical state, failure to subject the prosecution to adversarial testing, or circumstances that so prejudiced the proceedings that trial counsel could not render effective assistance)). As the respondent correctly points out, the failure to move for a directed verdict in light of insufficient evidence is not one of the narrow instances of *per se* ineffectiveness as identified by the Supreme Court. Id. Thus, this claim is without merit.

**21. Failing to Incorporate Important Issues in the Petition for Appeal Filed on Behalf of the Petitioner in the WVSCA**

In support of this ground, the petitioner again cites State v. Thomas, supra, this time for the proposition that the failure to timely file an appeal on the defendant's behalf is *per se* ineffective. With regard to this issue, the state habeas court found:

---

[2] In Thomas, the WVSCA appeals found that the defendant did not receive a fair trial because defense counsel was ineffective. State v. Thomas, 203 S.E.2d at 447. Specifically, the Court noted, *inter alia*, that defense counsel failed to object to the introduction of collateral crimes in a manner that was prejudicial, that defense counsel failed to move for a directed verdict at the close of the State's evidence, and that defense counsel failed to file a motion to set aside the verdict. Id.

> The Petitioner does not state what issues he believes should have
> been incorporated into his Petition for Appeal that were not included.
> With little information[,] and no evidence presented regarding this
> allegation, the court finds it to be without merit.

Resp't Ex. 5 at 29.

"[T]he Sixth Amendment does not require appellate attorneys to press every non-frivolous issue that the client requests to be raised on appeal, provided that counsel uses professional judgment." Eagle v. Linahan, 279 F.3d 926, 940 (11th Cir. 2001) (citing Jones v. Barnes, 463 U.S. 745, 751 (1983)). Here, the petitioner does not even state what issues defense counsel should have pressed on appeal. Consequently, this claim is without merit.

### 22. Failing to Properly Prepare for the Sentencing Hearing

In this ground, the petitioner asserts that defense counsel did not receive the presentence report in a timely fashion, thereby hindering the petitioner's ability to call witnesses to testify on his behalf. Thus, the petitioner asserts that defense counsel's failure to object to the untimeliness of the presentence report was ineffective.

With regard to this issue, the state habeas court found:

> Without any evidence, this Court cannot find that trial counsel
> provided ineffective assistance regarding this allegation, and the
> Court accordingly finds the allegation is without merit.

Resp't Ex. 5 at 29.

As noted by the respondent, the petitioner fails to explain how or why he needed the presentence report to identify witnesses, who would have testified if he had timely received the report, what information those individuals would have provided to the sentencing court, or how that information would have changed the outcome of the proceedings. Memorandum (dckt. 32) at 32. Accordingly, for the reasons set forth by the respondent, this claim is without merit.

**B.   Indictment Founded on Insufficient Evidence**

In this ground, the petitioner asserts that the indictment returned by the grand jury was found upon insufficient evidence and such deficiency rendered the trial so unfair as to amount to a deprivation or the petitioner's constitutional right to due process under Article III, Sections 5 and 10 of the West Virginia Constitution.  See Petitioner's Memorandum at 14.  However, the petitioner concedes that under West Virginia law, a court should not look behind an indictment to see what evidence supports it.  Instead, it is presumed that an indictment is found upon sufficient evidence. Id.  Therefore, it cannot be attacked or quashed because, as the WVSCA reasons, any error in the sufficiency of evidence will be corrected before the petit jury and no injury will result.  Id. (citing State v. Layton, 432 S.E.2d 740 (W.Va. 1993)).

Neither the Grand Jury Clause of the Fifth Amendment nor the Due Process Clause of the Fourteenth Amendment requires a State to afford an accused the right to grand jury review before trial.  See Hurtado v. California, 110 U.S. 516, 534-35 (1884).  Moreover, any defect in grand jury proceedings is rendered harmless following a jury conviction.  See United States v. Mechanik, 475 U.S. 66 (1986).

With regard to this claim, the state habeas court found:

> [T]he petitioner does not allege that the Grand Jury was illegally constituted or biased in any way.  He simply alleges that the evidence behind the indictment was insufficient to support it. . . [T]his Court finds that the mere allegation that the evidence behind the indictment is insufficient evidence to support it, is a ground without merit.

Upon an independent review of the record, the undersigned finds that the state court's adjudication of the petitioner's claim that the indictment was founded on insufficient evidence is not contrary to clearly established federal law.  Additionally, in light of the evidence presented in

the state court proceedings, the undersigned does not believe that the state court's adjudication of the petitioner's claims involved an unreasonable application of clearly established federal law, nor do the state court's findings result in a decision that is based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. The petitioner was adjudicated guilty by a jury of his peers. Even assuming a deficiency in the grand jury proceedings, any such deficiency was rendered harmless by the jury's verdict.

## C.  Prosecutorial Misconduct

In this ground, the petitioner asserts that from the initial presentation of the case to the grand jury, through the trial proceedings, the prosecutor made improper statements which poisoned the jury's mind against him. More specifically, the petitioner asserts that the prosecutor made sure that the jury was aware that the charges against him pertained to two child victims, and presented arguments and evidence as to both victims, even though the prosecutor knew that the younger child victim would not be testifying at trial and that the charges regarding that child would have to be dismissed. Moreover, even after those charges were dismissed, the petitioner asserts that the prosecutor continued to reference that victim in closing arguments and even urged the jurors "to place themselves in the shoes of the victim."

In order to establish prosecutorial misconduct, the petitioner must show that the prosecutor's conduct was so egregious as to render his trial fundamentally unfair. United States v. Young, 470 U.S. 1, 11-12 (1985). With regard to this claim, the state habeas court found:

> In reviewing the trial transcript and the entire record in this case, the Court finds that the actual scenario was not one in which the prosecutor knew A. would not testify and then knowingly and wilfully, in bad faith, failed to inform defense counsel. Instead, it appears to have been a situation where the prosecutor prepared in good faith for A. to testify and hoped A. would be able to testify, but

realized that A. may not be able to do so, and warned everyone present at the proceedings accordingly. The Court does not find this to be indicative of improper prosecutorial comments or action.

Resp't Ex. 5 at 32.

> The Court does not agree that [the prosecutor's] statements show that the prosecutor was acting in the role of a partisan, eager to convict, and dealing unfairly with the accused and/or other participants in the trial.
>
> [Moreover], [i]t is not improper for a prosecutor to ask a jury to consider the circumstances and background of the victim . . .
>
> In the instant case, the prosecutor never used the phrase, "put yourself in the place of" as is evidenced by the trial transcript, quoted <u>supra</u> . . .
>
> [T]he prosecutor was performing his job in accordance with the West Virginia Rules of Professional Conduct . . . Although the prosecutor's client is the State of West Virginia, he must act with the same diligence on behalf of the State, as he would on behalf of a private individual.

Resp't Ex. 5 at 33.

Upon an independent review of the record, the undersigned finds that the state court's adjudication of the petitioner's claim that the prosecutor made improper statements which poisoned the minds of the jurors is not contrary to clearly established federal law. Additionally, in light of the evidence presented in the state court proceedings, the undersigned does not believe that the state court's adjudication of the petitioner's claims involved an unreasonable application of clearly established federal law, nor do the state court's findings result in a decision that is based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. As noted by the state habeas court, the undersigned can discern no bad faith on the part of the prosecutor in relation to the charges involving Amanda Mitter. Nor do the trial transcripts

reflect that the prosecutor acted outside the bounds of propriety during his closing arguments. Accordingly, this ground is without merit.

## D.   Sufficiency of the Evidence

In this ground the petitioner argues that there was insufficient evidence to convict him of counts 1, 4, 6 and 13 of the indictment.  In support of this claim, the petitioner asserts that the only evidence supporting his conviction was the testimony of the child victim.

When reviewing a claim of the sufficiency of the evidence in federal habeas review, the district court is required to view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979).

In this case, the petitioner was charged with first degree sexual assault and sexual abuse by a custodian.  Therefore, at trial, the state had to prove that the petitioner, being more than 14 years old, engaged in sexual intercourse or sexual intrusion with the victim, being less than 12 years old, and that the two were unmarried at the time.  See W.Va. Code § 61-8B-3.  In addition, the state had to prove that the petitioner was the child's parent, guardian, custodian or person in a position of trust with the child, and that the petitioner engaged in, or attempted to engage in sexual intercourse, sexual intrusion, or sexual contact with the child under his care.  See W.Va. Code § 61-8D-5

With regard to this claim, the state habeas court found:

> [T[he West Virginia Supreme Court of Appeals held in Edward Charles L., cited supra, that the uncorroborated testimony of child victims was sufficient to support a conviction for first-degree sexual assault and first-degree sexual abuse in light of the victim's ability to relate incidents of abuse clearly and to maintain an account of what happened during thorough cross-examination.
>
> For the foregoing reasons, including the lack of evidence to prove

this ground, the Court finds this ground to be without merit.

Resp't Ex. 5 at 35.

Upon an independent review of the record, the undersigned finds that the state court's adjudication of the petitioner's insufficient evidence claim is not contrary to clearly established federal law. Additionally, in light of the evidence presented in the state court proceedings, the undersigned does not believe that the state court's adjudication of the petitioner's claims involved an unreasonable application of clearly established federal law, nor do the state court's findings result in a decision that is based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. The child victim testified that the petitioner, her stepfather, had sexually abused her when she was less than twelve years old. Resp't Ex. 8 at 155-205. It is well-established that victim testimony alone is sufficient to sustain a sexual assault conviction. See United States v. Gabe, 237 F.3d 954, 961 (8th Cir. 2001); Loblein v. Dormire, 229 F.3d 724, 726 (8th Cir. 2000).

Notwithstanding this fact, the issues raised by the petitioner in his petition to support his claim that there was insufficient evidence to convict him are all related to the credibility of the witnesses and the weighing of evidence. At trial, the petitioner testified that no sexual abuse took place and presented evidence intended to show that the allegations were fabricated as part of a feud between himself and his wife's family. However, those are issues that were resolved by the jury and are not within the province of federal habeas review. See Johnson v. Alabama, 256 F.3d 1156, 1172 (11th Cir. 2001) ("When the record reflects facts that support conflicting inferences, there is a presumption that the jury resolved those conflicts in favor of the prosecution and against the defendant. In other words, federal courts must defer to the judgment of the jury in assigning

credibility to the witnesses and in weighing the evidence."). Accordingly, this ground is without merit.

**E.** **Trial Court Error and Abuse of Discretion**

In this ground, the petitioner asserts several instances in which the trial court allegedly committed reversible error, or abused its discretion. The Court will examine each claim in turn.

**1.** **The trial court erred in denying the petitioner's motion for psychological or psychiatric evaluations of the child witnesses concerning their competency to testify**

In this ground, the petitioner essentially asks the federal court to reexamine the state court's decision on a matter of state law. However, whether the State Court abused its discretion in making a decision based on the state's rules of evidence, is a matter of state law. There is no federal question in any of these claims, unless the petitioner can demonstrate that the trial court's alleged abuse of discretion violated his right to a fair trial. Therefore, this ground is not cognizable on federal habeas review and should be dismissed. <u>See</u> 28 U.S.C. § 2254(a) ("a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or law or treatises of the <u>United States</u>")(emphasis added); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) (it is not the province of a federal habeas court to "reexamine state-court determinations on state-law questions"); <u>Weeks v. Angelone</u>, 176 F.3d 249, 262 (4th Cir. 1999) (questions of state laws and statutes are not cognizable on federal habeas review).

**2.** **The trial court erred in imposing multiple punishments after a single trial which resulted in convictions for the same acts under the West Virginia Code violates the double jeopardy clause of the Fifth Amendment**

With regard to this claim the state habeas court found:

> The Petitioner presents insufficient evidence on this ground, stating only that the Fifth Amendment's Double Jeopardy Clause prohibits a person being placed twice in jeopardy for the same offense and that he raised this issue "to preserve the same for appeal."

Resp't Ex. 5 at 38.

Because the petitioner provides no further explanation or any additional support for this claim in his federal habeas petition, this Court can only concur with the opinion of the state habeas court and find that this ground is insufficiently pled.

### 3. The trial court erred when it failed to give instructions to the jury concerning a lesser included offense

In this ground, the petitioner asserts that the jury instructions propounded by the trial court were woefully inadequate and constitute reversible error. In support of this claim, the petitioner asserts that he was found guilty of sexual assault in the first degree. However, sexual misconduct is a lesser included offense of first degree sexual assault. The petitioner asserts that the evidence warranted an instruction on the lessor offense and that it was error for the trial court to not give an instruction on the lesser included offense.

Finding that the petitioner failed to provide sufficient evidence to support this claim, the state habeas court concluded that the claim was without merit. Resp't Ex. 5 at 38. Considering that the Supreme Court has never recognized a federal constitutional right to a lesser included offense instruction in non-capital cases, an independent review of the record shows that the state court's decision was not contrary to clearly established federal law. See Beck v. Alabama, 447 U.S. 625, 638 n. 14 (1980); see also Tiger v. Workman, 445 F.3d 1265, 1268 (10th Cir. 2006). Moreover, in light of the facts presented in state court, the undersigned does not believe that the state court's

adjudication of this claim involved an unreasonable application of clearly established federal law, nor does the state court's finding result in a decision that is based upon an unreasonable determination of the facts. The record does not reflect that trial counsel moved for a lesser included instruction, and as noted by the respondent, federal law simply does not require the state court to *sua sponte* offer such an instruction. Memorandum (dckt. 32) at 39.

**4. The trial court violated the petitioner's right to due process by failing to give a limiting instruction to the jury**

In the petition, the petitioner explains that the trial court violated his right to due process by failing to offer a 404(b) limiting instruction. With regard to this claim, the state habeas court found:

> With no information or evidence to show that due process was violated by the trial court's alleged failure to five unspecified limiting instructions, this Court finds that this ground is without merit.

Resp't Ex. 5 at 39.

Because the petitioner provides no further explanation or any additional support for this claim in his federal habeas petition, this Court can only concur with the opinion of the state habeas court and find this ground is insufficiently pled. In order to successfully raise such a claim, the petitioner would have to show that 404(b) evidence was admitted, that a limiting instruction was required, and how the absence of such instruction rendered his trial so fundamentally unfair as to rise to the level of a federal constitutional violation. The petitioner has shown none of these things.

**5. The trial court violated his right to due process by failing to properly instruct the petitioner prior to his testifying**

In this ground, the petitioner asserts that under West Virginia law, the trial court failed to properly instruct him prior to his testifying. Specifically, the petitioner asserts that under State v.

Neuman, 371 S.E.2d 77 (W.Va. 1988), the trial court had a duty to ascertain that his decision to testify was knowing, voluntary and intelligent. The petitioner asserts that such was never done in his case and that the failure to do so violates his right to due process.

With regard to this claim, the state habeas court correctly noted that the petitioner had been instructed prior to trial. Resp't Ex 5 at 39-40. Moreover, the defendant has no *constitutional* right to be advised of anything prior to testifying. See United States v. Pennycooke, 65 F.3d 9, 12 (3d cir. 1995) ("a trial court has no duty to explain to the defendant that he or she has a right to testify or to verify that the defendant who is not testifying has waived that right voluntarily"). Any right the petitioner has in this instance is a right created as a matter of state law. The state court found this claim to be without merit, and this Court will not invade the province of the state court. See 28 U.S.C. § 2254(a); Estelle v. McGuire, supra; Weeks v. Angelone, supra.

## F. Cumulative Error

In this ground, the petitioner asserts that the cumulative effect of all of the above-mentioned errors prevented him from receiving a fair trial. The petitioner further asserts that the effect of such errors was so egregious as to violate his right to due process. However, although the Court recognizes that "[t]he cumulative effect of two or more individually harmless errors has the potential to prejudice a defendant to the same extent as a single reversible error" and that "[t]he purpose of a cumulative-error analysis is to address that possibility," United States v. Rivera, 900 F. 2d 1462, 1469 (10th Cir. 1990), a "legitimate cumulative-error analysis evaluates only the effect of matters actually determined to be constitutional error." Fisher v. Angelone, 163 F.3d 835, 853 n. 9 (4th Cir. 1998). In this case, being that the Court has not found any individual constitutional errors, a cumulative-error analysis is neither necessary nor appropriate.

# VI.  Recommendation

For the reasons set forth in this Opinion, it is recommended that the respondent's Motion for Summary Judgment (dckt. 31) be **GRANTED** and the petitioner's § 2254 petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.  The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to counsel of record via electronic means.

Dated: February 24, 2008.

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE